Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
Ph: (415) 651-1951
Fax: (415) 956-3233
mark@aoblawyers.com

Attorneys for Plaintiff Benjamin H. Woods

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN H WOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANS UNION LLC;<br>WELLS FARGO BANK, N.A.;<br>FREMONT REORGANIZING CORPORATION;<br>AMERICAN HOME MORTGAGE SERVICING, INC.;<br>CHASE HOME FINANCE LLC;<br>CITI RESIDENTIAL LENDING, INC;<br>GMAC MORTGAGE, LLC;<br>LITTON LOAN SERVICING L.P.;<br>SPECIALIZED LOAN SERVICING LLC;<br>and<br>GREEN TREE SERVICING LLC.<br><br>    Defendants. | Case No. CV 10 2669 BZ<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 *et seq*)<br><br>DEMAND FOR JURY TRIAL |

## Jurisdiction and Venue

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 et seq. (FCRA). The court has jurisdiction over the FCRA claims pursuant to 15 USC §1681p and over the state law claims pursuant to 15 USC § 1367.

2. Plaintiff brings claims against each of the defendants based on violations of the FCRA and against the furnisher defendants based on violations of the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.1 et seq.

## Description of the Case

3. In January 2006, someone stole plaintiff's social security card and driver's license. Using plaintiff's stolen identity, the fraudster obtained mortgages on about ten (10) properties located in Alameda, Contra Costa and Santa Clara counties. The amount borrowed in plaintiff's name was about $3,800,000. The loans were obtained in February and March 2006 and in May 2006.

4. Few, if any payments were made on the loans, and consequently, the lenders foreclosed on the properties.

5. The mortgage loans were held or serviced by the following defendants or their predecessors ("the defendant furnishers"):

WELLS FARGO BANK, N.A.;
FREMONT REORGANIZING CORPORATION;
AMERICAN HOME MORTGAGE SERVICING, INC.;
CHASE HOME FINANCE LLC;
CITI RESIDENTIAL LENDING, INC;
GMAC MORTGAGE, LLC;
LITTON LOAN SERVICING L.P.;
SPECIALIZED LOAN SERVICING LLC; and
GREEN TREE SERVICING LLC.

6. Since 2006, the defendant furnishers have been reporting to the defendant credit reporting agencies that plaintiff is delinquent on the mortgage loans, that the loans were charged off and the properties foreclosed.

7. Plaintiff did not discover that his identity had been stolen until June 2007.

*Woods v Experian, et al.*, ND Cal. case no.
Complaint and Jury Demand

2

8. Plaintiff disputed the mortgage loan accounts by communicating with defendants Experian, Equifax and Trans Union using online procedures on December 30, 2009, and in writing on or about May 10, 2010. Plaintiff enclosed a copy of a police report and identifying documents with his dispute letters directed to the credit reporting agencies.

9. Plaintiff sent fraud affidavits and his police report to each of the defendant furnishers on January 27, 2010, and again on April 1, 2010, explaining he was a victim of identity theft and that their reports to the credit reporting agencies were inaccurate.

10. As required by the FCRA and California Civil Code § 1785.25, each of the defendants were required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. However, defendants failed to conduct a reasonable reinvestigation of the disputed account.

11. As a consequence of the defendants' violations of the FCRA and the California Civil Code, plaintiff has been damaged.

12. Plaintiff was accepted into a nursing degree program at Samuel Merritt College in Oakland, but could not go because his application for a student loan was denied by Citibank on April 20, 2010 because of the mortgage delinquencies.

**The Parties**

13. Plaintiff Benjamin H. Woods is a resident of Oakland, CA.

14. Defendant Experian is an Ohio corporation with its principal place of business in Costa Mesa, CA. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a (f).

15. Defendant Equifax Information Services LLC is a Georgia corporation with its principal place of business in Atlanta, GA. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a (f).

16. Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, IL.

17. The defendant furnishers are subject to the requirements of 15 USC § 1681s2 and Civil Code § 1785.25.

**First Claim: Defendants' Violations of the Fair Credit Reporting Act, 15 USC § 1681i—Against the Defendants Experian, Equifax and Trans Union**

18. Plaintiff incorporates by reference ¶¶ 1 through 17.

19. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A). The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i (a) (2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

20. Within the two years preceding the filing of this complaint, plaintiff notified each of the Defendant credit reporting agencies of inaccuracies contained in its reports on plaintiff due to identity theft and asked each of the defendants to reinvestigate and correct the inaccuracies.

21. Each of the defendant credit reporting agencies failed to conduct a proper reinvestigation of the item of information that plaintiff disputed.

22. Each defendant failed to review and consider all relevant information submitted by plaintiff.

23. As a result of the above-described violations of § 1681i, plaintiff has sustained actual pecuniary damages and emotional distress. Plaintiff will suffer additional damages in the future.

24. Plaintiff requests punitive damages pursuant to 15 USC § 1681n (a) (2) against each

defendant.

25. Plaintiff requests costs of the action together with reasonable attorney's fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) Against the Defendant Furnishers**

26. Plaintiff incorporates by reference ¶¶ 1-17.

27. The FCRA requires a furnisher, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

28. Within the last two years, the defendant furnishers provided inaccurate information about plaintiff to the defendant credit reporting agencies.

29. Within the past two years, plaintiff notified the defendant furnishers he disputed the inaccurate information reported by them.

30. The defendant credit reporting agencies notified the defendant furnishers that plaintiff was disputing the information it has furnished concerning her credit.

31. The defendant furnishers negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to the credit reporting agencies, by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiffs, and by failing to report to the credit reporting agencies that the accounts was disputed by plaintiff.

32. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

33. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

**Third Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 *et seq*. Against the Defendant Furnishers**

34. Plaintiff incorporates by reference ¶¶ 1-17, 28-30.

35. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36. The defendant furnishers negligently and willfully furnished information to the defendant credit reporting agencies that it knew or should have known was inaccurate.

37. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded him by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs of the action together with reasonable attorneys fees as determined by the court;
5. Such other relief as the Court may deem proper.

Dated: June 15, 2010          ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

| | | |
|---|---|---|
| 1 | Dated: June 15, 2010. | ANDERSON, OGILVIE & BREWER LLP |
| 2 | | |
| 3 | | By /s/ Mark F. Anderson |
| 4 | | Mark F. Anderson<br>Attorney for Plaintiff |

*Woods v Experian, et al.*, ND Cal. case no.
Complaint and Jury Demand

7