1 | AKERMAN SENTERFITT LLP
DONALD M. SCOTTEN - SBN 190532
2 | donald.scotten@akerman.com
725 South Figueroa Street, 38th Floor
3 | Los Angeles, California 90017-5433
Telephone: (213) 688-9500
4 | Facsimile:  (213) 627-6342

5 | Attorneys for Defendant
AMERICAN HOME MORTGAGE
6 | SERVICING, INC.

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO
10

11

| BENJAMIN H. WOODS, | Case No. 3:10-CV-2669-BZ |
|---|---|
| Plaintiffs, | The Hon. Bernard Zimmerman |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FILED BY AMERICAN HOME MORTGAGE SERVICING, INC.** |
| EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; WELLS FARGO BANK, N.A.; FREMONT REORGANIZING CORPORATION; AMERICAN HOME MORTGAGE SERVICING, INC.; CHASE HOME FINANCE LLC; CITI RESIDENTIAL LENDING, INC.; GMAC MORTGAGE, LLC; LITTON LOAN SERVICING, L.P.; SPECIALIZED LOAN SERVICING LLC; and GREEN TREE SERVICING, LLC, | Date:         October 27, 2010<br>Time:        10:00 a.m.<br>Courtroom:   G – 15th Floor |
| Defendants. | |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 27, 2010 at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom G, 15th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, defendant American Home Mortgage Servicing, Inc. (AHSMI) will and hereby does move this Court to dismiss with prejudice parts of the complaint filed by plaintiff Benjamin H. Woods.

1  This motion is made and based upon Rule 12(b)(6) of the *Federal Rules of Civil Procedure*,
2  and is based on the grounds that plaintiff fails to state claims for which relief may be granted and
3  that the complaint is barred as a matter of law against AHMSI.

4  This motion is based upon this notice, the attached memorandum of points and authorities,
5  and upon all papers and documents on file herein, the Court's files concerning this action, together
6  with those facts and documents of which the parties request judicial notice and/or matters which
7  judicial notice is proper, as well as any oral argument that may be presented at the time of the
8  hearing.

10 Dated: July 14, 1020                                    Respectfully submitted,

11                                                        **AKERMAN SENTERFITT LLP**

13                                                        By: */s/ Donald M. Scotten*
                                                                Donald M. Scotten
14                                                        Attorneys for Defendant
                                                          AMERICAN HOME MORTGAGE
15                                                        SERVICING, INC.

## I.   INTRODUCTION

Plaintiff Benjamin H. Woods alleges he was a victim of identify theft.  He now brings this lawsuit against a number of credit reporting agencies (**CRA**) and alleged furnishers of information to CRAs in connection with information on his credit report.  The complaint fails to state any claim for relief against American Home Mortgage Servicing, Inc. (**AHMSI**), one of the alleged furnishers, as it does not include facts necessary to state a plausible claim that AHMSI knowingly provided false information to a CRA in violation of the state Consumer Credit Reporting Agencies Act (**CCRAA**).  Nor does it allege that a CRA contacted AHMSI, thus triggering duties actionable under the federal Fair Credit Reporting Act (**FCRA**).  AHMSI's motion to dismiss should be granted.

## II.   FACTS OF THE COMPLAINT

Woods' driver's license and Social Security card were stolen in January 2006.  (Complaint dated June 15, 2010 (**COMPL.**), ¶ 1).  An unidentified person then obtained mortgage loans secured by properties throughout northern California using his identity.  (COMPL., ¶ 3.)  AHMSI was one of nine entities that held or serviced the fraudulent loans.  (COMPL., ¶ 5.)  "Few, if any payments were made on the loans, and consequently, the lenders foreclosed on the properties."  (COMPL., ¶ 4.)  AHMSI and others reported information about the loan defaults to CRAs beginning in 2006.  (COMPL., ¶ 6.)  Woods learned he had been a victim of identity theft in June 2007.  (COMPL., ¶ 7.)  Woods disputed the mortgage loan accounts by contacting Experian, Equifax, and Trans Union (the CRAs) online on December 30, 2009.  (COMPL., ¶ 8.)   He also contacted the CRAs to dispute the mortgage loans "in writing" on May 10, 2010.  (COMPL., ¶ 8.).  Woods alleges he contacted each furnisher, including AHMSI, and provided a fraud affidavit and police report on January 27, 2010, and April 1, 2010.  (COMPL., ¶ 9.)

Woods claims he was going to attend a nursing program but could not do so because his student loan application was denied due to mortgage delinquencies.  (COMPL., ¶ 12.)  He filed this lawsuit on July 18, 2010.  AHMSI now moves to dismiss both causes of action directed against it.

## III.   LEGAL STANDARD

"A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

1  do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual
2  allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965.  In
3  considering a motion pursuant to *Fed. R. Civ. P.* 12(b)(6), a court need not accept as true
4  unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.
5  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v.
6  Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  In a recent decision, the Supreme Court reviewed the
7  standard for a pre-answer motion to dismiss.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  It explained
8  that a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me
9  accusation." *Id*. at 1949.  This means that "naked assertions devoid of further factual enhancement"
10  no longer suffice to state a claim. *Id*. at 1949 (internal quotation omitted).  What is more, the facts
11  actually pled must give rise to a plausible claim for relief.  *Id*. at 1949.  A formulaic recitation of the
12  elements, because of its conclusory nature, is disentitled to a presumption of truth.  *Id*. at 1951.

13  **IV.  ARGUMENT**

14      **A.  Woods' FCRA Claim Is Not Plausible on Its Face (Second Cause of Action)**

15  The second cause of action (the first alleged against AHMSI) alleges a violation of FCRA, in
16  particular 15 U.S.C. § 1681s-2(b).  FCRA requires persons who furnish information to CRAs
17  (**furnishers**) to provide accurate and complete information to credit reporting agencies.  *See* 15
18  U.S.C. § 1681s-2(a)–(b).  Woods alleges AHMSI is such a person here.  (COMPL., ¶ 5.)

19  To ensure furnishers and credit reporting agencies comply with its requirements, Congress
20  gave consumers a private right of action against furnishers and credit reporting agencies.  *Id*.
21  §§ 1681n–1681o.  However, Congress carefully tailored this remedy to prevent furnishers, such as
22  AHMSI, from being "exposed to suit by any and every consumer dissatisfied with the credit
23  information furnished." *Nelson v. Chase Manhattan Mortgage Corp*., 282 F.3d 1057, 1059-60 (9th
24  Cir. 2002).  Congress thus precluded a consumer from suing a furnisher directly for violating
25  § 1681s-2(a), even when the furnisher knew the information reported was inaccurate.  *Nelson*, 282
26  F.3d at 1060.  By contrast, § 1681s-2(b) is privately actionable.  That section provides that, after
27  receiving a notice of dispute, the furnisher shall:
28      (A)  conduct an investigation with respect to the disputed information;

(B)   review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) . . .;

(C)   report the results of the investigation to the [CRA];

(D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . .; and

(E)   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only … (i) modify ... (ii) delete[or] (iii) permanently block the reporting of that item of information.

To state a FCRA claim against a furnisher, a consumer must plead that he (1) contacted a CRA, (2) the CRA pursued the claim, and (3) the CRA contacted the furnisher, triggering the furnisher's duty to investigate. *Steinmetz v. General Electric Co.*, No. 08cv1635 JM(AJB), 2009 WL 2058792, at *3 (S.D.Cal. July 13, 2009) (*citing Roybal v. Equifax,* 405 F.Supp.2d 1177, 1180 (E.D.Cal. 2005)). That the consumer himself notifies the furnisher of the dispute does not subject a furnisher to liability under § 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Woods' FCRA claim against AHMSI fails because it is completely formulaic. Consider again the Supreme Court's recent discussion of the pleading standard. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This complaint is exactly what the Supreme Court had in mind when it wrote, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. Woods' complaint fails to properly plead two of the three elements of a FCRA claim. His complaint alleges that he contacted the CRAs and that he contacted each furnisher directly regarding the dispute of the mortgage-related defaults on his credit record, giving specific dates for these. (COMPL., ¶¶ 8, 9, 29.) But when it comes to the essential requirement that the CRA inform the furnisher - here AHMSI - of the dispute, the complaint only says, "The defendant credit reporting agencies notified the defendant furnishers that plaintiff was disputing the information it has furnished concerning her [*sic*] credit." (COMPL., ¶ 30.) This is pure formula pleading, simply a

1  translation of an element of the claim into the form of an allegation.  The complaint gives no "factual
2  content", *Iqbal*, 129 S.Ct. at 1949, to support this element.  It does not say when a CRA reported the
3  dispute to AHMSI, how, or even why, Woods believes that such a report was made.  In *Elsady v*
4  *Rapid Global Business Solutions, Inc*., No. 09-11659, 2010 WL 742852 (E.D.Mich. Feb. 26, 2010),
5  the court dismissed a similar FCRA claim.  In that case, the plaintiff did not allege the CRA had
6  contacted the defendant furnisher thereby triggering the furnisher's responsibilities.  *Id*. at *4.  The
7  court observed that "there is nothing in [plaintiff's] complaint that would permit the Court to infer
8  that [the CRA] must have relayed the dispute to [furnisher]."  *Id*. at *4.  The same logic applies here.
9  The complaint pleads that a furnisher has the obligation to investigate after learning of a dispute
10  from a CRA, but it does not directly connect this to the events of Woods' own dispute.  (*See* COMPL.,
11  ¶ 27.)  Woods may argue that the CRAs contacted AHMSI (and the other furnishers) because that is
12  their legal obligation, but it would be perverse for Woods to benefit from such an argument after
13  basing his entire first cause of action on the notion that the CRAs did **not** follow their obligations
14  under FCRA.  (COMPL., ¶¶ 18-25.)

15        **B.**     **Woods States No Claim Under the CCRAA (Third Cause of Action)**

16  The third cause of action alleges that the furnishers, such as AHMSI, violated *Civil Code*
17  § 1785.25(a), a part of the California Consumer Credit Reporting Agencies Act (**CCRAA**), which
18  reads, "A person shall not furnish information on a specific transaction or experience to any
19  consumer credit reporting agency if the person knows or should know the information is incomplete
20  or inaccurate."  Woods' claim fails because what few facts the complaint does plead are inconsistent
21  with the liability under the CCRAA that he alleges.

22  Unlike the FCRA claim, the key event underlying the CCRAA claim is the actual furnishing
23  of information from AHMSI to a CRA.  Assuming the truth of the complaint's contention that
24  Woods is a victim of identify fraud for purposes of this facial attack on plaintiff's pleading, AHMSI
25  might have reported a default that came to appear on Woods' credit record.  But the CCRAA does
26  not impose strict liability on those who furnish incorrect or inaccurate information to credit reporting
27  agencies.  Rather, a furnisher of information is liable under section 1785.25(a) only if the furnisher
28  "**knows or should know** the information is incomplete or inaccurate."  According to the complaint,

the fraudulently obtained loans originated in the first half of 2006. (COMPL., ¶ 3.) Again, according to the complaint, the payment default on those loans occurred after "few, if any", payments were made. (COMPL., ¶ 4.) Since essentially all residential mortgage loans require monthly payments, the only reasonable inference is that the default occurred later in 2006. The complaint says only that a foreclosure followed, but it gives no indication when. Woods alleges he learned of the identity theft in June 2007, but, crucially he does not claim that he did anything related to the mortgage defaults on his record until December 30, 2009, when he contacted the CRAs online – two and a half years later. (COMPL., ¶¶ 7-8.) He does not indicate that he informed any of the furnishers that he disputed the information about the defaults until January 27, 2010. (COMPL., ¶ 9.) There is nothing else in the complaint to suggest AHMSI could have any inkling that the information it reported was wrong.

The only reasonable inference from these facts is that AHMSI made good faith credit reports some time after the fraudulent borrower defaulted on loan payments, probably in late 2006, which would be before even Woods was aware of the identity theft. Under the complaint's own facts, no one could have brought the possibility that AHMSI's report was wrong to AHMSI's attention before December 2009. The CCRAA has a "knows or should know" mental state requirement to impose liability for furnishing false information. *Civil Code* § 1785.25(a). The complaint tries to deal with this by alleging "defendant furnishers negligently and willfully furnished information to the defendant credit reporting agencies that it knew or should have known was inaccurate." (COMPL., ¶ 36.) But this is just a restatement of the mental state element of the cause of action; as such, its "conclusory nature … disentitles [it] to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Anyway, it is self-contradictory because defendant could not have both willfully and negligently reported the information; it was one or the other.

Beyond the one boilerplate paragraph, Woods' complaint has no factual assertions consistent with AHMSI having made credit reports it knew or should have known were false. The third cause of action therefore fails to state a claim for which relief can be granted.

## V. CONCLUSION

Woods dresses up conclusions as allegations in his complaint. What few facts he offers are inconsistent with the claims of liability he advances. Because neither the FCRA nor the CCRAA

1 theories states claim for which relief can be granted, AHMSI requests that the complaint be
2 dismissed.

3

4 Dated: July 14, 2010                                          Respectfully submitted,

5
                                                                **AKERMAN SENTERFITT LLP**
6                                                               725 S. Figueroa Street - 38th Floor
                                                                Los Angeles, CA  90017
7

8                                                               By: /s/ Donald M. Scotten
                                                                    Donald M. Scotten
9                                                                   Attorneys for Defendant,
                                                                    AMERICAN HOME MORTGAGE
10                                                                  SERVICING, INC.

---

{LA068715;1}                                6           **AHMSI'S MOTION TO DISMISS COMPLAINT**
                                                        **CASE NO 3:10-CV-2669-BZ**